UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CIVIL ACTION NO. 5:06-CV-00160-JBC

| | |
|---|---|
| PATRICIA S. HOLT, and<br>CARLA GARRETT | PLAINTIFFS |
| V. | |
| ESTATE OF KATHERINE S. WHALEN | DEFENDANT |
| AND | |
| ESTATE OF KATHERINE S. WHALEN | THIRD-PARTY PLAINTIFF |
| V.     **THIRD-PARTY COMPLAINT** | |
| ESTATE OF ALVIN L. BLANTON,<br>   Serve:  James L. Blanton, Administrator<br>            2431 Carnation Lane<br>            Chesapeake, Virginia  23325<br>JAMES L. BLANTON, and<br>   Serve:  James L. Blanton<br>            2431 Carnation Lane<br>            Chesapeake, Virginia  23325<br>GREAT AMERICAN INSURANCE COMPANY<br>   Serve:  Eve Cutler Rosen<br>            580 Walnut Street<br>            Cincinnati, Ohio  45202 | THIRD-PARTY DEFENDANTS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

COMES THE DEFENDANT/THIRD-PARTY PLAINTIFF, the Estate of Katherine S. Whalen (the "Whalen Estate"), by its Conservator, Richard M. Wehrle, Esq., through the undersigned counsel, and for its Third-Party Complaint alleges as follows:

### JURISDICTION AND VENUE

1. That the Whalen Estate is an estate for an incompetent person residing in Fayette County, Kentucky, which is administered through its Conservator, Richard M. Wehrle, Esq., and Guardian, Amy Hadsell.  A copy of Mr. Wehrle's order of appointment as Conservator is

attached hereto as Exhibit A.

2. That the Third-Party Defendant, Estate of Alvin L. Blanton (the "Blanton Estate") is an estate for a deceased person which is administered through the decedent's son, James L. Blanton by his Power of Attorney, Walter R. Morris, Jr., Esq. of 201 West Short Street, Lexington, Kentucky 40507.

3. That the Third-Party Defendant, James L. Blanton, is the son of Alvin L. Blanton, and is a resident of the Commonwealth of Virginia, residing at 2431 Carnation Lane, Chesapeake, Virginia 23325.

4. That the Third-Party Defendant, Great American Insurance Company, is an Ohio corporation, with a principal office address of 580 Walnut Street, Cincinnati, Ohio 45202, with service of process agent being Eve Cutler Rosen at 580 Walnut Street, Cincinnati, Ohio 45202, and is an authorized insurer within the Commonwealth of Kentucky.

5. That the United States District Court for the Eastern District of Kentucky has federal question jurisdiction of the claims of the Plaintiffs herein against the Whalen Estate pursuant to 28 U.S.C. § 1331, and may exercise supplemental jurisdiction over the claims of the Whalen Estate against the Third-Party Defendants pursuant to 29 U.S.C. § 1367, as such Third-Party Claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

## COUNT I

6. That all above-stated averments are hereby reasserted and incorporated by reference, the same as if set forth in full.

7. That on or about 09/14/2000, Alvin L. Blanton was appointed as Guardian and Conservator for Katherine S. Whalen. A copy the order of said appointment is attached hereto as Exhibit B.

1552280.1

8. That Alvin L. Blanton served in said capacity as Guardian and Conservator for the Whalen Estate until his death on or about 11/04/2005.

9. That in said capacity, Alvin L. Blanton bore a fiduciary duty to conserve and protect the financial assets of the Whalen Estate.

10. That Alvin L. Blanton did breach his fiduciary duty to the Whalen Estate by intentionally, improperly, and wrongfully managing the financial assets of the Whalen Estate.

11. That Alvin L. Blanton did embezzle and or convert to his own use and or deposit funds belonging to the Whalen Estate in his own personal bank or investment account(s), and or did otherwise improperly dispose of or utilize such funds and or improperly divest the Whalen Estate of such funds.

12. That prior to his death Alvin L. Blanton did improperly, illegally, negligently and or fraudulently transfer and or convey, without sufficient legal consideration, to his son, James L. Blanton, assets, including but not limited to a residence located at 1248 Standish Way, Lexington, Kentucky, which would have otherwise been included in the Blanton Estate, in an effort and or with the intent to hide such assets from potential creditors and or claimants and thereby wrongfully prevent potential creditors and or claimants from accessing such assets to satisfy any debts, claims or judgments.

13. That said act(s) of transfer and or conveyance of assets constitute a fraudulent and or preferential conveyance and are void pursuant to the provisions of KRS Chapter 378.

14. That said acts of Alvin L. Blanton did cause financial harm, in excess of the jurisdictional limits of the Court, to the Whalen Estate, and for which the Whalen Estate seeks compensatory damages hereby.

## COUNT II

15. That all above-stated averments are hereby reasserted and incorporated by reference, the same as if set forth in full.

16. That Third-Party Defendant, James L. Blanton, did knowingly, recklessly, and or negligently accept transfer or conveyance, without sufficient legal consideration, of assets from Alvin L. Blanton, including but not limited to a residence located at 1248 Standish Way, Lexington, Kentucky, which assets would have otherwise been included in the Blanton Estate, in furtherance of an effort to and or with the intent to hide such assets from potential creditors and or claimants and thereby wrongfully prevent potential creditors and or claimants from accessing such assets to satisfy any debts, claims or judgments.

17. That said act(s) of transfer and or conveyance were improper, illegal and or fraudulent, and constitute a fraudulent and or preferential conveyance and are void pursuant to the provisions of KRS Chapter 378, and or Third-Party Defendant, James L. Blanton, should be adjudged to hold such assets in a constructive trust for the benefit of the Whalen Estate.

18. That said acts of James L. Blanton did cause financial harm, in excess of the jurisdiction limits of this Court, to the Whalen Estate, and for which the Whalen Estate seeks compensatory damages hereby.

## COUNT III

19. That all above-stated averments are hereby reasserted and incorporated by reference, the same as if set forth in full.

20. That on or about 09/14/2000, Third-Party Defendant, Great American Insurance Company, did agree and or contract by Fiduciary Bond to serve as surety and or to insure

and or indemnify Alvin L. Blanton with regard to the performance of his fiduciary duties as Guardian and Conservator of the Whalen Estate. A copy of said Fiduciary Bond is attached hereto as Exhibit C.

21. That said Fiduciary Bond was in the amount of $880,000.00.

22. That the above-alleged acts of Alvin L. Blanton constitute a breach of his fiduciary duties to the Whalen Estate, and did cause financial harm, in excess of the jurisdictional limits of this Court, to the Whalen Estate, and for which the Whalen Estate seeks compensatory damages hereby.

23. That Third-Party Defendant, Great American Insurance Company, by virtue of its agreement and or contract to serve as surety and or to insure and or indemnify Alvin L. Blanton as aforesaid, is responsible, to the extent if its bond, for the financial damages caused by Alvin L. Blanton to the Whalen Estate.

## COUNT IV

24. That all above-stated averments are hereby reasserted and incorporated by reference, the same as if set forth in full.

25. That the Plaintiffs herein, Patricia S. Holt and Carla Garrett, allege that the Whalen Estate is responsible for payment of services rendered and for which services Alvin L. Blanton, in his capacity as Guardian and Conservator of the Whalen Estate, failed to make payment. A copy of the Complaint herein (originally filed in the Commonwealth of Kentucky, Fayette Circuit Court, but since removed to the United States District Court for the Eastern District of Kentucky) is attached hereto as Exhibit D.

26. That, in the event that the Plaintiffs' obtain judgment upon their claims against the Whalen Estate, the funds and or assets necessary to pay for Plaintiff's services have been improperly, illegally and or fraudulently embezzled, converted, and or transferred or

conveyed, and or otherwise improperly disposed of by Alvin L. Blanton, and the Third-Party Defendants should be held to indemnify the Whalen Estate upon any such judgment.

WHEREFORE, the Whalen Estate prays as follows:

1. For Trial by Jury;

2. For Judgment(s) against the Blanton Estate, against James L. Blanton, and against Great American Insurance Company;

3. For compensatory damages, and its costs and expenses herein, including a reasonable attorney fee; and

4. For any and all other relief to which it may appear to be entitled.

Respectfully submitted,

/s/Spencer D. Noe
SPENCER D. NOE, ESQ.
DONALD M. WAKEFIELD, ESQ.
BOWLES RICE MCDAVID GRAFF & LOVE, LLP
155 East Main Street, Suite 300
Lexington, Kentucky 40507
Telephone:    (859) 252-2202
Facsimile:    (859) 259-2927
*Counsel for Defendant/Third-Party Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was mailed, postage prepaid, on this the 30th day of May, 2006, to the following:

Frederick G. Irtz, II, Esq.
111 West Short Street
Post Office Box 22777
Lexington, Kentucky  40522
*Counsel for Plaintiffs*

/s/ Spencer D. Noe
Counsel for Defendant/Third-Party Plaintiff