UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DISTRICT at LEXINGTON

CIVIL ACTION NO. 06-160-JBC

PATRICIA HOLT, ET AL.,                                                                                  PLAINTIFFS

V.

ESTATE OF KATHERINE S. WHALEN,                  DEFENDANT/THIRD PARTY PLAINTIFF

V.

ESTATE OF ALVIN L. BLANTON, ET AL.,                          THIRD PARTY DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

\* \* \* \* \* \* \* \* \*

**I. INTRODUCTION**

On May 8, 2006, plaintiffs Patricia S. Holt and Carla Garrett filed a complaint in Fayette Circuit Court against defendant Estate of Katherine S. Whalen (Civil Action No. 06-CI-1979) seeking the recovery of the reasonable value of services they each had allegedly rendered as caregivers to Katherine S. Whalen for the years 2003, 2004, and 2005. Plaintiffs asserted that on or about November 1, 2005, they received a partial payment for their services rendered from Alvin L. Blanton, Guardian for the Estate of Katherine S. Whalen, but that they had not been paid in full for their services rendered. Plaintiffs also asserted that the payments made to them did not include any amounts for services rendered in excess of 40 hours per week, in violation of the Fair Labor Standards Act, 29 U.S.C. § 207, as well as in violation of KRS 337.285.

Plaintiff Patricia Holt seeks judgment against the defendant in the amount of $440,582.58; plaintiff Carla Garrett seeks judgment against the defendant in the amount of $13,991.25. Both plaintiffs also seeks post-judgment interest, their costs and a reasonable attorney's fee.

On May 19, 2006, defendant Estate of Katherine S. Whalen (hereafter "Whalen Estate") removed this action from Fayette Circuit Court, pursuant to the provisions of 28 U.S.C. §§1441 and 1446. [DE #1].

On May 23, 2006, defendant Whalen Estate filed a third-party complaint against third-party defendants Estate of Alvin L. Blanton, James L. Blanton, and Great American Insurance Company, alleging that Alvin L. Blanton, who was appointed on September 14, 2000, as Guardian and Conservator of the Whalen Estate, breached his fiduciary duty to the Whalen Estate by intentionally, improperly, and wrongfully managing the assets of the Whalen Estate, including the embezzlement and/or conversion of monies belonging to the Whalen Estate to himself. The Whalen Estate also alleges that prior to Alvin L. Blanton's death on or about November 4, 2005, he illegally transferred assets to his son, James L. Blanton, which would have been a part of his estate, including his residence located at 1248 Standish Way, Lexington, Kentucky, in an effort to prevent potential creditors and/or claimants from accessing such assets to satisfy any debts, claims or judgments. The Whalen Estate asserts that said transfers of assets to James L. Blanton were fraudulent and/or preferential conveyances and are void pursuant to the provisions of KRS Chapter 378.

The Whalen Estate also asserts that third-party defendant James L. Blanton did knowingly, recklessly, and/or negligently accept the transfer of assets from his father, Alvin L. Blanton, which otherwise would have been included in his father's estate, that such transfers were fraudulent, which resulted in harm to the Whalen Estate.

The Whalen Estate further asserts a claim against third-party defendant Great American Insurance Company as surety on the fiduciary bond to insure or indemnify Alvin L. Blanton with regard to the performance of his fiduciary duties as Guardian and Conservator of the Whalen Estate prior to his death.

The Whalen Estate seeks indemnification from the third-party defendants in the event plaintiffs obtain judgment against the Whalen Estate on their claims made against it.

On June 29, 2006, third-party defendant Great American Insurance Company filed a crossclaim against third-party defendants Estate of Alvin L. Blanton and James L. Blanton seeking reimbursement and/or indemnification from them on the Whalen Estate's claims against it in the event the Whalen Estate becomes obligated to satisfy a judgment against it on plaintiff's complaint against it.

This matter is before the court on the motion of plaintiff Patricia L. Holt for a protective order relieving her from executing any authorization to third party defendants relative to the discovery of her medical records/information. This motion has been fully briefed and is ripe for review.[1]

## II.  PLAINTIFF HOLT'S MOTION FOR A PROTECTIVE ORDER

As grounds for her motion for a protective order relative to the discovery of her medical records/information, plaintiff Holt notes that plaintiffs have asserted no claims against the third-party defendants and that plaintiffs' claims are limited to the defendant Whalen Estate; therefore, plaintiff Holt argues that since there is no justiciable controversy between plaintiffs and third-party defendants, the third-party defendants are not entitled to discover her medical records/information.

The third-party defendants have opposed plaintiff Holt's motion for a protective order and have also moved the court to compel both plaintiffs to respond to their discovery requests. In opposing plaintiff Holt's motion for a protective order, third-party defendants note that on May 2, 2008, they served discovery requests to plaintiff Holt which included interrogatories concerning her medical condition and medical providers since 1995, which would include the period of time that she claims to have served as a caregiver for Katherine S. Whalen. Third-party defendants also note that they requested that plaintiff Holt execute an authorization to release medical records so that copies of her medical records pertaining to such time period could be obtained. Third-party

---

[1] Pursuant to numerical ¶ 5 of the district court's Scheduling Order entered herein on November 15, 2007, all discovery disputes were referred to the Magistrate Judge for resolution. [DE #34].

defendants further advise that this line of inquiry was made upon information and belief that plaintiff Holt had been declared totally disabled by the Social Security Administration prior to her becoming a caregiver for Ms. Whalen and that during her deposition on May 13, 2008, Ms. Holt confirmed that in 1995 she was declared totally disabled and has been drawing Social Security disability benefits ever since that time and that Ms. Holt also agreed to produce copies of several other documents to all parties.  However, third-party defendants further advise that subsequent to her deposition, Ms. Holt has since refused to answer the interrogatories pertaining to her medical condition or medical providers, has refused to execute the authorization to release medical records, and has refused to produce any documents relating to those matters.

In reply, plaintiff Holt advises that in compliance with the Magistrate Judge's ruling made during the telephone conference call on August 20, 2008, that she should produce (1) any medical records from any physician that were a basis for the Social Security Administration's determination that Patricia Holt is/was disabled, and (2) a copy of the disability award decision, including a copy of the entire file from the Social Security Administration, on August 21, 2008, she requested a complete copy of her Social Security disability file (which was to include medical reports and records) but that as of September 24, 2008, she had not been received same from the Social Security Administration.

### Discussion/Analysis

Having revisited this matter upon the full briefing of plaintiff Holt's motion for a protective order, the Magistrate Judge concludes that Patricia Holt should produce (1) any medical records from any physician that were a basis for the Social Security Administration's determination that Patricia Holt is/was disabled, and (2) a copy of the disability award decision, including a copy of the entire file from the Social Security Administration.  This information is certainly relevant to plaintiff's claims for unpaid wages asserted against the Whalen Estate as it is a factor to be considered in assessing her credibility as well as her ability to be a caregiver.  If plaintiff Holt is/was truly totally disabled, as determined by the Social Security Administration, at the time she allegedly

rendered caregiver services to Katherine S. Whalen, depending on the type of services Ms. Holt rendered to Katherine S. Whalen, then either she is not totally disabled or her claims for the type or degree of services rendered are exaggerated.

Consequently, for all of the foregoing reasons, plaintiff Holt's motion for a protective order concerning the disclosure of her medical records/information to the defendant Whalen Estate and the third-party defendants will be denied. Since plaintiff Holt has not yet received a copy of her Social Security disability file, plaintiff Holt is directed to execute authorizations for the release of her medical records/information to the defendant and the third-party defendants from 1995 through 2005, the last year she claims to have provided caregiver services to Katherine S. Whalen.

### III.  JOINT MOTION TO COMPEL DISCOVERY

The Whalen Estate and the third-party defendants have jointly moved to compel discovery from both plaintiff Patricia L. Holt and plaintiff Carla Garrett.

**A.     Patricia L. Holt**

In addition to seeking production of plaintiff Holt's medical records/information, defendant Whalen Estate and the third party plaintiffs have also requested the production of Patricia Holt's bank records/financial information from all of her bank accounts for the period of time from March 4, 2002 to April 2006, on the grounds that this information is relevant to her claims that she was not paid for hours she had worked and/or services she provided to Katherine Whalen.

Defendant Whalen Estate and the third-party defendants also note that during her deposition on May 13, 2008, plaintiff Holt agreed to produce the following documents relating to her income/financial information:

    1. Copies of Ms. Holt's income tax extensions for the years 2002 through 2005.
    2. Copies of Ms. Holt's business and personal bank statements, deposit slips, and cancelled checks for the years 2002 through 2006.
    3. Income records relating to Ms. Holt's auction business for the years 2002 through 2006.
    4. Income records relating to Ms. Holt's realty business for the years 2002 through 2006.
    5. Income records relating to Ms. Holt's insurance business for the years 2002 through 2006.

>6. Letter written by attorney Bill Swinford (former conservator of the Whalen Estate) to the Social Security Administration concerning amounts that Mr. Swinford had paid to Ms. Holt for her services as a caregiver.
>7. A response letter from the Social Security Administration.
>8. Power of Attorney from Ms. Holt to Alvin Blanton, giving him permission to deal with the social security issues on her behalf.

<u>Joint Motion to Compel Discovery from Both of the Plaintiffs</u>, p. 3 [DE #59].

In reply, plaintiff Holt states that in respect to her requests for extensions of time to file income tax returns, she has confirmed with the Internal Revenue Service (IRS) that such requests were filed, and she requested a copy of these requests for extensions of time from the IRS. With respect to her business and personal bank statements, plaintiff Holt states that on August 21, 2008, she requested the additional bank information from Central Bank and JP Morgan Chase but that as of September 24, 2008, she had not been received this information from either bank. Concerning Item Nos. 7 and 8, Ms. Holt states that has been unable to locate either of these documents; however, she notes that a copy the response letter from the Social Security Administration should be included in her Social Security disability file. Plaintiff Holt does not directly address the production of remaining documents referenced in item Nos. 3 through 6. If she has not yet produced same to the Whalen Estate and the third-party defendants, she is directed to do so forthwith.

**B.      Carla Garrett**

In support of their motion to compel discovery from Carla Garrett, the third-party defendants point out that their discovery requests (Interrogatories and Request for Production of Documents) were directed to both plaintiffs and that Carla Garrett has not responded in any fashion to these discovery requests.

In response to this motion to compel, Ms. Garrett simply states that she is presently in the process of getting a divorce, that her estranged spouse has all of her financial and tax information in his possession, that her divorce attorney has requested copies of same from her spouse, and that he has failed to comply with that request. Although Ms. Garrett has offered an explanation for her failure to respond to the Request for Production of Documents, Ms. Garrett's response does not

address why she has made no attempt to answer the six Interrogatories that were served to her on May 2, 2008.

The Magistrate Judge having considered this matter and being duly advised,

**IT IS HEREBY ORDERED** that:

1. Plaintiff Patricia L. Holt's motion for a protective order to relieve her of disclosing her medical records/information to the defendant Whalen Estate and the third-party defendants [DE #50] is **GRANTED IN PART** and **DENIED IN PART**. Since plaintiff Holt has not yet received a copy of her Social Security disability file, plaintiff Holt's motion for a protective order is denied to the extent that she is directed to execute authorizations for the release of her medical records/information to the defendant and the third-party defendants from 1995 through 2005, the last year she claims to have provided caregiver services to Katherine S. Whalen.

2. The joint motion of the Whalen Estate and the third-party defendants to compel discovery from both plaintiffs [DE #59] is **GRANTED**.

3. To the extent that she has not already done so, within fifteen (15) days of the date of this Order, plaintiff Holt is directed to respond to the third-party defendants' discovery requests, including the production of documents she represented she would provide to them during her deposition on May 13, 2008.

4. Plaintiff Carla Garrett is given fifteen (15) days from the date of this Order to respond to third-party defendants' discovery requests, including a status report on her attempts to obtain documents concerning her financial and tax information from her estranged spouse.

This 17th day of October, 2008.



Signed By:
James B. Todd
United States Magistrate Judge