UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON
CIVIL ACTION NO. 5:06-CV-00160-JBC
*Electronically filed*

PATRICIA S. HOLT, ET AL.                                                                               PLAINTIFFS

v.

ESTATE OF KATHERINE S. WHALEN                                                            DEFENDANT

AND

ESTATE OF KATHERINE S. WHALEN                                              THIRD-PARTY PLAINTIFF

v.

ESTATE OF ALVIN L. BLANTON, ET AL.                             THIRD-PARTY DEFENDANTS

_____

**REPLY OF ESTATE OF KATHERINE S. WHALEN IN SUPPORT OF ITS MOTION
FOR LEAVE TO FILE ITS AMENDED THIRD PARTY COMPLAINT**
_____

The Third-Party Plaintiff, the Estate of Katherine S. Whalen (the "Whalen Estate"), for its Reply in Support of its Motion for Leave to File First Amended Third-Party Complaint, states as follows:

The Whalen Estate has filed a Motion for Leave to File First Amended Third-Party Complaint, seeking to amend its claims against the Third Party Defendants the Estate of Alvin L. Blanton and James L. Blanton (the "Blantons"), and the Third Party Defendant, Great American Insurance Company ("GAIC"). The Blantons have filed a Response that primarily attacks Andrew Whalen's character and rails against the injustice of asserting a claim against a deceased. Within their rhetoric, however, the Blantons do identify three legal objections: (1) that the Whalen Estate unduly delayed filing the Motion for Leave to Amend; (2) that the

proposed Amended Complaint is futile because KRS 396 bars the entire action against James Blanton; and (3) that the allegations in Count VI of the Amended Complaint are improper because they are exaggerations of testimony by Patricia Holt that cannot be trusted. GAIC's brief response adopts the Blantons' Response in whole, and asserts additionally with respect to the alleged delay that the Motion for Leave to Amend was filed after GAIC filed a Motion for Summary Judgment. These arguments are addressed as follows:

**1.     Neither the Blantons nor GAIC have identified sufficient prejudice from the alleged delay to deny leave to amend.**

The Motion for Leave to Amend is filed pursuant to FRCP 15 (a) (2), which states in pertinent part that, "The court should freely give leave when justice so requires." GAIC objects to the Whalen Estate's Motion for Leave to file its Amended Third-Party Complaint on the grounds that it is untimely, and that the proposed amended pleading seeks, for the first time, to assert that GAIC has derivative liability for the claims asserted by the Plaintiffs. To be clear, the Whalen Estate has always asserted that GAIC has derivative liability, but three years into this litigation GAIC suddenly claimed in a motion for summary judgment that that jurisdiction was not proper because this derivative liability was not sufficiently asserted in the Whalen Estate's Third-Party Complaint against it. The Whalen Estate denies that its original Third-Party Complaint was deficient, but nevertheless sought leave to amend so as to correct any technical deficiencies to GAIC's satisfaction. If there is any prejudice in this scenario, it is in GAIC attempting three years into litigation to discharge all claims against it based upon an argument that a Complaint was insufficiently worded, and then objecting when that Complaint is sought to be amended within the time allowed for amendment under the Court's scheduling order.

As for the claims against the Blanton Estate, the proposed First Amended Third Party Complaint merely expands upon the claims originally asserted against the Blanton Estate based

2

upon the evidence obtained through discovery. Certain issues, such as James Blanton's alleged destruction of evidence, first came to light in depositions of the parties. Contrary to the Blantons' arguments, there is no way that this claim could have been asserted prior to discovery. Similarly, the full scope and extent of Alvin Blanton's misconduct as Guardian and Conservator for Katherine Whalen could not be known until discovery was taken. It is now well established that Alvin Blanton failed to disclose bank accounts and other assets of Katherine Whalen when he made his reports to the Probate Court. These actions may have been suspected, but their extent has only been revealed through discovery. Unfortunately, many records remain missing, but there is no prejudice in the Whalen Estate amending its Complaint in light of the evidence it has been able to obtain. And as the Whalen Estate moved for leave to amend within the deadline established by the Court, there can be no legitimate objection that it was untimely.

Finally, to the extent that the timing of the Motion for Leave to Amend is in any way prejudicial to GAIC or the Blanton Estate, the Whalen Estate has already stated to counsel for both parties that it would agree to an extension of discovery such that any prejudice could be alleviated. Neither the Blanton Estate nor GAIC have identified any alleged harm that cannot be cured in this manner. If prejudice is real, it is in the interests of justice to address the prejudice itself rather than preclude a party from pursuing claims filed in accordance with the Court's scheduling order.

**2.     The Whalen Estate's claims are not barred by KRS Chapter 396.**

The Blantons argue that the claims set forth in the proposed Amended Third Party Complaint are futile because the Estate of Katherine S. Whalen failed to follow "very specific statutory procedures set forth in KRS Chapter 396," which relate to the filing of claims against decedents' estates in Kentucky. As an initial matter, it is presumed that the Blantons' argument

3

is made with regard to filing of the original Third-Party Complaint, and is not an objection to the timing of the Amended Third-Party Complaint.  The Blantons do not argue that a claim against an estate cannot be amended more than 60 days after a proof of claim has been denied, and they certainly cite no law to that effect.  Thus, the argument appears to be the same as that set forth in their Motion for Summary Judgment, which is that any claims by the Whalen Estate must fail because the original Complaint was not filed within 60 days after the Whalen Estate's proof of claim was denied by the Blanton Estate.

With respect to the argument that all of the Whalen Estate's claims are barred because they were not timely filed, this argument relies upon a misrepresentation of the law cited and ignores the Blanton Estates contrary conduct.  It is undisputed that the Complaint in this action was filed on May 30, 2006[1], and that a statement of claim was filed with the executor of the Blanton Estate regarding the claim on May 31, 2006.[2]  Further, the Estate of Alvin Blanton consented to service of process on June 16, 2006.  On October 10, 2006, counsel for the Blanton Estate, Joseph Miller, purported to disallow the claim in its entirety.[3]  Notwithstanding the fact that since disallowing the claim the Blanton Estate has litigated this matter for well over three years, they now claim that the action has been barred from its inception because the claim was not refiled within 60 days of the time it was disallowed.

To support this argument, the Blantons rely upon KRS 396.055, which they summarize as providing, "that the personal representative, after receipt of the claim, may do nothing, in which event the claim is deemed allowed in whole or in part. If disallowed, the statute directs that the claimant shall commence an action against the personal representative not later than sixty (60) days after the mailing of the notice of disallowance."  However, KRS 396.055 does not actually

---

[1] Third Party Complaint, D.E. No. 3.
[2] The Estate of Katherine S. Whalen Statement of Claim, attached hereto as Exhibit 1.
[3] James L. Blanton Affidavit, attached hereto as Exhibit 2.

4

read as claimed by the Blantons. Instead, the relevant portion of KRS 396.055 states that "Every claim which is disallowed in whole or in part by the personal representative is barred so far as not allowed unless the claimant commences an action against the personal representative not later than sixty (60) days after the mailing of the notice of disallowance or partial allowance **if the notice warns the claimant of the impending bar**." KRS 396.055 (emphasis added). Thus, KRS 396.055 only operates to bar claims not filed within 60 days of disallowance if the Notice of disallowance "warns the claimant of the impending bar." The disallowance at issue is attached twice to the Blantons' Response, and states in its entirety:

> The executor has received the claim which you filed on behalf of the estate of Katherine S. Whalen against the estate of Alvin L. Blanton on or about May 31, 2006.
>
> Please be advised that the executor has disallowed the claim in its entirety.[4]

Conspicuously absent from this disallowance is any notice that "warns the claimant of the impending bar" sixty (60) days after the mailing of the notice of disallowance. The absence of any notice of the impending bar means that the sixty (60) day time limit commencing with the mailing of the notice of disallowance has not yet begun to run. Thus, at worst, the Whalen Estate has filed a timely claim with the Blanton Estate and could still file an action on that claim because the Blanton Estate has failed to trigger the statutory 60 day bar.

But here, there is no need to file such an additional action because the Whalen Estate has timely filed a claim with the Estate, has timely filed a Third-Party Complaint with this Court, and has timely litigated this action with the full and complete participation of the Blanton Estate. The Kentucky Supreme Court has long held that any requirements of KRS Chapter 396 are waived by an estate when it participates in a case without objection. *See, e.g. Maupin v. Maupin*,

---

[4] *See* Exhibit 2.

5

87 S.W.2d 629, 630 (Ky. 1935) (holding that "want of proper demand and verification was waived" where case was referred to commissioner and proof heard without any specific objection"); *Bard v. Bard*, 132 S.W.2d 44, 46 (Ky. 1939 (holding that when a reply was filed and depositions had been taken "we have no hesitancy in reaching the conclusion that the question as to the form of the verification of the appellee's claim was waived by the appellants."))  Thus, if the Blanton Estate ever had any valid objection to these proceedings, it has long since waived that objection by its extensive participation in this case.  Moreover, the only objection that the Blanton Estate actually has to the Whalen Estate's claims is that the Third-Party Complaint was filed the day after the proof of claim was filed.  But the Third-Party Complaint was filed as required under the Federal Rules of Civil Procedure, and the proof of claim submitted immediately thereafter to comply with KRS Chapter 396.  No legitimate complaint can be made that the Blanton Estate was somehow prejudiced or harmed by the timing thereof, particularly when the Blanton Estate did not even consent to service of the Complaint until 15 days after the proof of claim was filed.

**3.   There is sufficient evidence supporting Count VI of the Plaintiff's Complaint to allow it to be pursued.**

As a final attack against the Motion for Leave, the Blantons address the proposed amended pleading at length, and argue that because they have arrived at the unilateral determination that the Third Party Plaintiff could not prevail on the claims asserted in their proposed amended pleading, that the leave sought should not be granted.  While the Blantons argue that the proposed Amended Third Party Complaint contains, "newly-alleged and totally unfounded, improvable and outrageous accusations" on pages 4 and 5 of their Response, their objections are either irrelevant or contrary to the record.  For the most part, the Blantons focus on disparaging references to Andrew Whalen's failure to attend a settlement conference, having had

6

an attorney's lien filed against him in his role as Executor of his grandmother's Estate, and criticizing his performance as Executor of the Whalen Estate subsequent to this action being filed. None of these comments, even if true, are relevant to the issue of the leave to amend sought by the Whalen Estate. Indeed, they do not relate in any way to the pending action, so they will not be further addressed.

Looking past the aforementioned character attacks, the final issue raised by the Blantons' Response is a claim that there is insufficient evidence that James Blanton destroyed evidence of Alvin Blanton's misconduct as Katherine Whalen's guardian and that any suggestion of the same is so insulting as to be made in bad faith. Indeed, the Blantons purport to take great offense at all of the accusations against both James Blanton and Alvin Blanton, which is surprising since their own records accuse Alvin Blanton of significant wrongdoing. Page 9 of the Final Settlement of Alvin Blanton's conservatorship that is attached to the Blantons' Motion identifies "funds that Alvin Blanton is believed to have misappropriated during his Conservatorship." And James Blanton himself has accused Alvin Blanton of stealing $13,323.11 from his Kentucky Retirement Benefit Account and First Federal Savings and Loan Account.[5] Regardless, even if the Blantons' are horribly offended that Alvin Blanton has been accused of misdeeds and that James Blanton has been accused of covering them up, this is no basis to disallow the claims. Nor should the claims be disallowed simply because James Blanton introduces contrary evidence.

The claim that James Blanton destroyed evidence regarding Alvin Blanton's misdeeds is asserted on the basis of Patricia Holt's testimony that Alvin Blanton did just that. That deposition testimony is attached to the Blantons' Response, and is sufficient to raise a claim. The deposition testimony of Patricia Holt regarding the destruction of relevant documents of Alvin Blanton by James Blanton is evidence educed through discovery which is exactly the type

---

[5] James L. Blanton Proof of Claim, attached hereto as Exhibit 3.

7

of sworn proof on which an amendment of pleadings can be based, regardless of whether the Blantons believe the testimony. The fact that there may be conflicting evidence, or differing versions of the events, or even an issue as to credibility, are all arrows in the Blantons' quiver for use in their defense post-amendment. If the allegations in the proposed First Amended Third-Party complaint ultimately fail, so be it, but the testimony of Patricia Holt is certainly a good faith basis for requesting leave to amend.  And contrary to the Blantons' argument, testimony that Jim Blanton allowed his cousin Janis to shred records of "reimbursements that Alvin paid himself" after Janis was told what those records were, is certainly enough to allege that Jim Blanton intentionally destroyed records relating to the guardianship.  The amount that "Alvin paid himself" out of Katherine Whalen's funds, and the reasons for such payment, are crucial issues in this case.  Destruction of records regarding these payments is destruction of records fundamental to this action.

Respectfully submitted,

/s/ Adrian M. Mendiondo
Adrian M. Mendiondo
John G. Irvin, Jr.
Kinkead & Stilz, PLLC
301 East Main Street, Suite 800
Lexington, KY  40507
Telephone: (859) 296-2300
Facsimile: (859) 296-2566
*Counsel for Defendant/Third-Party Plaintiff*
*Estate of Katherine S. Whalen*

8

## CERTIFICATE OF SERVICE

       This is to certify that a true and accurate copy of the foregoing was served on this the 5th day of March, 2010, by the Court's CM/ECF electronic noticing system, to the following:

Frederick G. Irtz, II, Esq.
111 West Short Street
Post Office Box 22777
Lexington, Kentucky 40522-2777
*Counsel for Plaintiffs*

Thomas E. Roma, Jr., Esq.
George P. Parker, Esq.
Parker & O'Connell, PLLC
455 South Fourth Avenue, Suite 930
Louisville, Kentucky 40202
*Counsel for Third-Party Defendant*
*Great American Insurance Company*


Joseph H. Miller, Esq.
Gess Mattingly & Atchison, P.S.C.
201 West Short Street
Lexington, Kentucky 40507
*Counsel for Third-Party Defendants,*
*Estate of Alvin L. Blanton, and James L. Blanton*


                                              /s/ Adrian M. Mendiondo
                                              *Counsel for Defendant/Third-Party Plaintiff*
                                              *Estate of Katherine S. Whalen*