UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 06-160-JBC

PATRICIA S. HOLT and                                                                                    PLAINTIFFS,
CARLA GARRETT,

V.                          **MEMORANDUM OPINION & ORDER**

KATHY WITT, Sherriff of Fayette County
and Administrator of the Estate of Katherine S. Whalen, et al.          DEFENDANTS.

\* \* \* \* \* \* \* \* \*

Before the court is a motion to dismiss or in the alternative for partial summary judgment declaring limit of recoverable damages filed by the Estate of Katherine S. Whalen (R. 175), by and through its administrator and third-party plaintiff Sheriff Kathy Witt. The Whalen Estate argues that the plaintiffs' claims are exempt under the Federal Labor Standards Act (FLSA), precluding this court from exercising subject matter jurisdiction. For the following reasons, this court will grant the Whalen Estate's motion in part and deny it in part, dismissing the federal claims but retaining supplemental jurisdiction over those arising under state law.

I.  **FACTUAL BACKGROUND**

Patricia Holt and Carla Garrett filed a complaint in Fayette Circuit Court against the Whalen Estate[1] seeking recovery for services rendered as in-home caregivers during the years 2002-2005. Holt and Garrett assert that they have not received that payment for services rendered in excess of forty (40) hours per week, in violation of the FLSA, pursuant to 29 U.S.C. § 207, as well as in violation of KRS § 337.285. In addition to those damages, Holt and Garrett seek recovery of liquidated damages pursuant to 29 U.S.C. § 216(b) and KRS § 337.385, reasonable attorney's fees and costs, and have made claims for unjust enrichment, or in the alternative quantum meruit.

The Whalen Estate removed the action to federal court on the basis of federal question jurisdiction. Thereafter, a third-party complaint was filed against the Estate of Alvin L. Blanton and James L. Blanton for wrongfully managing the assets of the Whalen Estate, and against Great American Insurance Company as surety on the fiduciary bond to insure Alvin L. Blanton regarding his duties as guardian and conservator of the Whalen Estate prior to his death. Great American then filed a cross-claim against the Blanton Estate and James L. Blanton seeking reimbursement and/or indemnification on the Whalen Estate's claims. After lengthy discovery and delay, this case is now set for trial in March 2012.

II.  **FLSA CLAIMS**

---

[1] By court order of December 10, 2010 (R.158), the Whalen Estate, by and through its administrator, Kathy Witt, Sheriff of Fayette County, was substituted as the real party in interest for all claims, counterclaims, cross claims, and defenses in this action.

Holt and Garrett claim that the services rendered by them as in-home caregivers to Katherine Whalen prior to her death during the years 2002-2005 qualified them for overtime compensation within the meaning of section 207 of the FLSA. The Whalen Estate, however, is not required to remit such compensation because of a statutory exemption.

An employer found to have violated section 207 of the FLSA is liable to the employee for the amount of unpaid overtime compensation and an additional amount, equal to the amount of unpaid overtime compensation, in liquidated damages. *See* 29 U.S.C. § 216(b). Certain statutory exemptions preclude recovery under section 207, including the following category:

> Any employee employed on a casual basis in domestic service employment to provide babysitting services or any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary.

29 U.S.C. § 213(a)(15).

The regulatory definition of "companionship services" in the above-referenced exemption does not include "services relating to the care and protection of the aged or infirm which require and are performed by trained personnel, such as a registered or practical nurse," 29 C.F.R. § 552.6, so that such "trained personnel" are entitled to overtime compensation. This provision and the term "trained personnel," in turn, have been construed narrowly. *See, e.g., McCune v. Oregon Senior Servs. Div.*, 894 F.2d 1107, 1110-11 (9th Cir. 1990) (concluding

3

that certified nursing assistant who received only sixty hours of formal medical training was not "trained personnel" within the meaning of the exemption).

In *McCune*, the court found that the certified nursing assistant's duties such as "cleaning, cooking, and hygiene, and medical care," were not "services . . . which require and are performed by trained personnel." *McCune,* at 1108 (citing 29 C.F.R. § 552.6). The court specifically rejected the argument that the plaintiff was entitled to overtime pay under the FLSA because he had received training by his client's doctors "to administer medications and provide other services generally required to be performed by trained personnel." *Id*. at 1111. Further, the court held that "recognizing on-the-job training would prove an 'administrative nightmare' for the state since each worker would constantly have to be re-evaluated." *Id.*

Likewise, in *Cox v. Acme Health Servs. Inc*., 55 F.3d 1304 (7th Cir. 1995), the court found that the plaintiff, a home-health aide who had received seventy-five hours of training to be a certified nursing assistant, was not entitled to overtime compensation under the FLSA. The court emphasized that in order to qualify for overtime, "a domestic service employee must not only *perform* services requiring the training of a registered or practical nurse, but must in fact have *obtained* training comparable in scope and duration to that of a registered or practical nurse." *Cox*, 55 F.3d at 1310 (emphasis in original).

Similarly, a spousal caregiver who received no training but provided "care virtually around the clock" to her husband fell within the "companionship services" exemption and thus could not recover overtime compensation under this provision

4

of the FLSA.  *See Salyer v. Ohio Bureau of Workers' Comp.*, 83 F.3d 784 (6th Cir. 1996).

Here, Holt and Garrett argue that "many of the services provided required skilled medical training" including the maintenance of a feeding tube, changing of diapers, and recording of vital signs, and that this level of care provided to Mrs. Whalen was administered around the clock.  Both Holt and Garrett testified that they do not have any particular training as caregivers or any professional medical training.  *See* R. 177 Ex. 2 at 26-27 (Deposition Excerpt of Patricia Holt); R. 177 Ex. 3 at 9-10 (Deposition Excerpt of Carla Garrett).  However, both Holt and Garrett testified that they did receive on-the-job training during the care of Mrs. Whalen from the Nurses' Registry and a physician who conducted home visits. R. 177 Ex.2 at 27; Ex. 3 at 16.  On this record, Holt and Garrett's claims fall squarely within the "companionship services" exception as discussed by the *McCune*, *Cox*, and *Salyer* courts, which means that they cannot recover overtime compensation.

Holt and Garrett monitored Mrs. Whalen's vitals, kept her clean, prepared food, administered medicines, and performed light housework. *See* R. 177 Ex. 2 at 73-74; Ex. 3 at 15-16. These services fall within the plain language of the statute as "services for individuals who (because of age or infirmity) are unable to care for themselves."  Holt and Garrett's lack of medical training excludes them from the statutory exception for trained personnel.  Likewise, their alleged on-the-job training during their tenure as caregivers to Mrs. Whalen does not make them eligible as

5

"trained personnel," as on-the job training has been specifically excluded by the courts. *See McCune*, 894 F.2d at 1111; *Cox*, 55 F.3d at 1309. Because the plaintiffs performed "companionship services," as defined by the statutory exemption in § 213(a)(15) of the FLSA, they are excluded from recovery under the FLSA for their claims for unpaid wages and overtime compensation, statutory liquidated damages, and attorney's fees.

### III.     JURISDICTION & STATE-LAW CLAIMS

In addition to their FLSA claims, Holt and Garrett have alleged state-law claims for unpaid overtime wages under KRS § 337.285, liquidated damages, costs and attorney's fees under KRS § 337.385, and claims for unjust enrichment and quantum meruit. Although the Whalen Estate asks this court to decline to exercise jurisdiction over those claims and remand this case to the Fayette Circuit Court, the court will keep the case and try the state claims because the exercise of supplemental jurisdiction, *see* 28 U.S.C. § 1367, furthers the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010)(citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  The parties have completed discovery, all dispositive motions have been filed, and Holt and Garrett have not engaged in forum manipulation. *See Gamel*, 625 F.3d at 952 (citing *Harper v. AutoAlliance Intern., Inc*., 392 F.3d 195 (6th Cir. 2004)).  In addition, the court is "familiar with the facts of the case and already invested significant time in the litigation." *Id*.  Indeed, this case was filed in 2006, almost six years ago, and this case is now ready for trial in March 2012.

Therefore, in balancing the factors of judicial economy, convenience, fairness, and comity the court will exercise supplemental jurisdiction over the remaining state-law claims in this case.

Accordingly,

**IT IS ORDERED** that the Whalen Estate's motion to dismiss or in the alternative for partial summary judgment (R. 175) is **GRANTED IN PART**, as to the federal claims. Because Holt and Garrett provided companionship services and were not trained personnel they may not recover under the FLSA. Therefore, all of their federal claims for costs, attorney's fees and damages under the FLSA pursuant to § 207 and § 216(b) are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Whalen Estate's motion to dismiss or in the alternative for partial summary judgment (R. 175) is **DENIED IN PART,** as to the state-law claims. The court will retain supplemental jurisdiction over the state-law claims for unpaid overtime wages under KRS § 337.285, liquidated damages and for costs and reasonable attorney's fees under KRS § 337.385, unjust enrichment and quantum meruit. This case will continue to be set for trial in March 2012.

Signed on December 21, 2011

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

7